**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| LATOYIA PAULDO | * | |
| | * | |
| Claimant, | * | |
| | * | |
| vs. | * | CASE NO. 5:07-CV-295-CAR-GMF |
| | * | |
| MICHAEL J. ASTRUE, | * | |
| COMMISSIONER OF | * | |
| SOCIAL SECURITY, | * | |
| | * | |
| Defendant. | * | SOCIAL SECURITY APPEAL |

## REPORT AND RECOMMENDATION

Claimant's mother, Lucy Pauldo, filed an application for Child's Supplemental Security Income on behalf of Claimant Latoyia Pauldo. The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied the application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, re-weigh evidence, nor

substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*  The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).  Therefore, eligibility depends upon the presence of "marked and severe functional limitations."  *See Welfare Reform Act*, Title II, Subtitle B, § 211(a)(4).  A sequential evaluation process is used to determine if the child meets the statutory definition of disability.  20 C.F.R. § 416.924, *et seq.*  Step one requires the ALJ to determine whether the child is engaging in substantial gainful activity.  If so, then the claim is denied.

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments, defined as more than a slight abnormality and causing more than minimal functional limitations. If not, then the claim is denied.

Step three requires the ALJ to decide whether the impairment is medically or functionally equivalent to impairments described in the listings of the regulations. To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations. 20 C.F.R. § 416.926a(a). A limitation is "marked" when the child's impairment or impairments seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). When measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean." *Id.* An "extreme" limitation causes very serious interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean." *Id.* § 416.926a(e)(3)(i).

**Issues**

I.   **Whether the ALJ erred in failing to consider the impact of Claimant's receipt of special education services.**

II.  **Whether the ALJ erred in failing to find a marked limitation in the domain of attending and completing tasks.**

III. **Whether the ALJ erred in relying on the opinions of Drs. Goff and Meck.**

**Administrative Proceedings**

Claimant was born on September 29, 1988. (T-108). Claimant's mother, Lucy Pauldo, filed an application for Child's Supplemental Security Income on or about May 21, 2001. *Id.* Claimant's mother filled out a Disability Report on May 16, 2001, indicating that Claimant was disabled because of a learning disability. (T-145-55). Because Claimant's prior claim for Social Security disability benefits resulted in a finding of not disabled through July 22, 1999, the ALJ considered Claimant's disability in a period commencing July 23, 1999. (T-16-17).

For the pending claim, a hearing was held before the ALJ on June 4, 2003. (T-352-80). On July 21, 2003, the ALJ issued a decision finding that Claimant was not disabled. (T-31-37). The Appeals Council subsequently granted Claimant's request to review the ALJ's decision and remanded the case, in part because the ALJ stated that he drew a negative inference from Claimant's refusal to testify regarding sexual issues. (T-41-43). A new ALJ held a subsequent hearing in the instant case on May 10, 2005. (T-332-51). On June 13, 2005, on remand, the ALJ found that Claimant was not disabled. (T-16-20). Claimant filed a request for review of the ALJ's decision. On May 31, 2007, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-6-8).

**Discussion**

**I.   Whether the ALJ erred in failing to consider the impact of Claimant's receipt of special education services.**

Claimant contends that the ALJ failed to consider the impact of the provision of special education services when assessing Claimant's limitations. (R-12, pp. 9-11). After finding that Claimant has marked limitations in acquiring and using information, the ALJ noted that Claimant has an IQ in the 60's and "was in some special education classes and in some regular classes." (T-19). This split setting gave the ALJ the opportunity to examine Claimant's limitations in and out of the structured environment. Accordingly, the ALJ properly evaluated the impact of Claimant's receipt of special education services when determining Claimant's limitations, and no error is found.

**II.   Whether the ALJ erred in failing to find a marked limitation in the domain of attending and completing tasks.**

Claimant assigns error to the ALJ's failure to find that Claimant had a marked limitation in the domain of attending and completing tasks. (R-12, pp. 11-12). In particular, Claimant alleges that the ALJ failed to acknowledge the school system's finding that Claimant's limited intellectual ability was consistent with her ability to attend, concentrate, and retain instructions; Claimant argues that her IQ score supports a finding of marked limitation in the area of attending and completing tasks. *Id*.

It is the claimant's burden to prove disability by submitting evidence from an acceptable medical source. 20 C.F.R. § 404.1513. The Commissioner's regulations specifically state that for purposes of mental retardation, learning disabilities, and borderline intellectual functioning, acceptable medical sources are "school psychologists, or other

licensed or certified individuals with other titles who perform the same function as a school psychologist in a school setting." *Id*. Teachers are described as "other sources" which the Commissioner "may" consider. *Id.*

The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a); *see also* SSR 96-5p. To give a medical opinion controlling weight, the ALJ "must find that the treating sources's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p.

Moreover, an ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any treating source's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any relevant Listing. 20 C.F.R. § 404.1527(e); SSR 96-5p. Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." *Id*.

The ALJ's report reflects a finding of a less than marked limitation in attending and completing tasks. School psychologist testing revealed that Claimant has an IQ of 68, in the mild range of intellectual disability. (T-18). The ALJ notes that Claimant's ability to attend and complete tasks "would be somewhat limited due to her IQ score." (T-19). The ALJ also

6

discusses Ms. Felisa Daniels's "Teacher Questionnaire," which notes that Claimant could understand very simple instructions and had to be reminded on a consistent basis to stay on task. (T-18).

Contrary to Claimant's argument, no evidence in the record mandates linking Claimant's intellectual capacity, reflected by her IQ score, to her ability to stay on task, such that a finding of a less than marked limitation in the domain of attending and completing tasks constitutes error. The ALJ afforded appropriate weight to the evidence in the record, and his conclusion is supported by substantial evidence.

### III.  Whether the ALJ erred in relying on the opinions of Drs. Goff and Meck.

Claimant argues that the ALJ erred in relying on the opinions of John R. Goff, Ph.D. ("Dr. Goff") and Donald S. Meck, Ph.D. ("Dr. Meck"), mental health experts appointed by the ALJ. (R-12, p. 12; R-14, pp. 4-5). Claimant contends that the ALJ erred in failing to require the experts to submit more appropriate forms expressing their opinions regarding Claimant's limitations in the six applicable domains. *Id*.

The ALJ relied on the opinions of Drs. Goff and Meck to conclude that Claimant has mild mental retardation, a severe impairment that does not meet or medically equal any listed impairments. (T-17-18). Based on the authority stated in Section II above, it is found that the ALJ did not err in relying on these opinions. The opinions of Drs. Goff and Meck are consistent with the record, and the ALJ's conclusion is supported by substantial evidence.

As to Claimant's contention that the ALJ erred in failing to require the experts to submit more appropriate forms, this court finds the submission of supplemental forms unnecessary. Based on the authority above, mental health experts' conclusions regarding Claimant's limitations within the six applicable domains qualify as medical opinions, and

the ultimate finding of disability lays within the province of the Commissioner.

## CONCLUSION

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.  Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 6th day of January, 2009.

                                              S/ G. MALLON FAIRCLOTH
                                              UNITED STATES MAGISTRATE JUDGE

lml