THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LATOYIA PAULDO,                : | |
| :                               | |
| Claimant,                  :    | |
| :                               | |
| v.                         :    | Civil Action |
| :                               | No. 5:07-cv-295 (CAR) |
| MICHAEL J. ASTRUE,         :    | |
| COMMISSIONER OF            :    | |
| SOCIAL SECURITY,           :    | |
| :                               | |
| Defendant.                 :    | |
| :                               | |

**ORDER ON THE REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case is before the Court on the Report and Recommendation of the United States Magistrate Judge, who recommends that the Court affirm the decision of the Commissioner of Social Security to deny Claimant's application for Child's Supplemental Security Income benefits. Claimant has entered a timely objection to the Recommendation. Upon consideration of the objections of the Claimant and a *de novo* review of the record submitted by the parties, the Court agrees with the conclusions of the Magistrate Judge and hereby **ADOPTS** the Recommendation as the Order of the Court. The final decision of the Administrative Law Judge is **AFFIRMED**.

Claimant seeks benefits on the basis of a learning disability characterized as mild intellectual disability. Her IQ has been shown to be approximately 68. In her appeal, she contests the finding of the ALJ that she did not show a "marked" limitation in the domain of attending and completing tasks. To establish eligibility for benefits based on her disability, Claimant was required to demonstrate marked limitations in two of the six domains set forth in the Code of Federal

1

Regulations at 20 C.F.R. § 416.926a(b)(i)-(vi). These domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. The ALJ determined that Claimant did have a marked limitation in the domain of acquiring and using information, and this determination is undisputed. Claimant does not contend that she has any marked disability with regard to interacting and relating with others, moving about and manipulating objects, or caring for herself. There is no evidence of deficiency in her health and physical well-being.

As the Recommendation notes, the Court's role on appeal of the Commissioner's decision is to determine only whether the decision is supported by substantial evidence and whether the correct legal standards were applied. There is no dispute that the correct legal standards were applied, and the Recommendation states those legal standards thoroughly. The Court's *de novo* review of the evidence that was before the ALJ confirms that his determination was supported by substantial evidence that Claimant did not have a marked limitation in the domain of attending and completing tasks.

Several pieces of evidence support the ALJ's determination. Two state agency psychological consultants evaluated Claimant and determined that she had "less than marked" limitations in her ability to attend and complete tasks. Cal VanderPlate, Ph.D., noted that Claimant "works at a slower pace." (T-247). John A. Petzelt, Ph.D., also noted a "less than marked limitation." (T-253). A third psychologist, John W. Hollender, Ph.D., observed no evidence of limitation with regard to "Concentration, Persistence, or Pace." (T-228). The findings of these three psychologists are consistent with the report of Claimant's teacher, Felisa Daniels, that Claimant "is able to work

independently when the material is written at a third grad level," even though she "has to be reminded on a consistent basis to stay on task." (T-260). A later report from the Twiggs County Board of Education further notes that Claimant is able to attend, concentrate, and retain directions commensurate with her limited reading and writing skills, and observes that "[s]he always does her assignments." (T-216).

In addition to receiving records from the state agency psychological consultants and the school system, the ALJ heard testimony from Claimant's mother and from Claimant herself. Claimant's mother testified that Claimant helped with chores around the house, including cleaning and some cooking. When asked whether Claimant usually follows through and completed tasks, Claimant's mother responded, "Sometimes she does, sometimes she doesn't." (T-338). When Claimant does not complete tasks, her mother testified, "You have to go back and remind her, tell her." (T-344). Claimant herself explained to the ALJ that sometimes she gets tired while performing chores and has to be reminded "all the time" to complete them. (T-348). The ALJ observed that Claimant spoke clearly, did not have any speech problems, and "appeared to be a normal teenager." (T-19). Her testimony and her mother's testimony are not inconsistent with the findings of the psychologists that Claimant has some limitation in her ability to attend and complete tasks, but that her limitation is less than marked.

Claimant contends that the ALJ's determination should be reversed because two consulting psychologists retained by the ALJ used residual functional capacity forms that were suited to adults. Their bureaucratic error is insufficient to call into question the conclusion of the ALJ. In making his determination that Claimant did not have a marked limitation in attending and completing tasks, the ALJ did not rely upon the reports from the two consultants in question, Donald S. Meck, Ph.D.

and John R. Goff, Ph.D.  Dr. Meck's evaluation is primarily concerned with Claimant's intellectual capacity, and he confirms the conclusions of the three previous psychological evaluations that Claimant has a mild mental retardation.  Dr. Goff's report is limited to a review of previous evaluations, and there is no indication that he independently evaluated Claimant.  Nothing in the ALJ's decision suggests that he relied on Dr. Meck or Dr. Goff with regard to Claimant's ability to attend and complete tasks.  Nothing in the report of Dr. Meck or Dr. Goff calls into question the conclusions of the ALJ drawn from the reports of the state agency psychologists, the evidence from Claimant's teacher and the school board, and the testimony of Claimant and her mother.  This evidence is more than sufficient to support the finding of the ALJ and the denial of Claimant's application for benefits.

It is SO ORDERED this 23rd day of March, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

chw